UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ALAN ROBERTS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL NO. 3:CV-15-1607 |
| : | |
| DEBORAH WILSON, D.O., et al., : | (Judge Kosik) |
| : | |
| Defendants. : | |

## **MEMORANDUM**

**I.    Background**

Keith Alan Roberts filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 14, 2015.  In this action he claims that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  On June 7, 2016, the court adopted the Report and Recommendation of Magistrate Judge Martin C. Carlson granting Defendants' motion to dismiss to the extent that Defendant Prime Care Medical, Inc. was dismissed from this action, and denying the motion to the extent that the individual defendants were to remain in the action without prejudice to their filing of a motion for summary judgment. (Doc. 57.)  Pending are what appears to be a seventh request for the appointment of counsel (Doc. 67), a motion to compel discovery (Doc. 63), and a motion to depose Defendants (Doc. 68), all filed by the Plaintiff.  Defendants have responded to the motion to compel and claim they not

only provided Plaintiff with the responses to his discovery requests, but have also written to him offering to provide another copy if, for some reason, he did not receive them.  Defendants also provided the court with Certificates of Service evidencing that they did serve the discovery responses on Plaintiff.  (Doc. 65.)  Plaintiff has not filed a brief in reply to the response Defendants have submitted.

## II.     Discussion

### A.     Request for counsel

While an order has been entered dismissing Prime Care Medical, Inc. from this action, all of the individual defendants still remain.  Plaintiff again for the seventh time, requests counsel to assist him in litigating this Eighth Amendment medical care case against Defendants.  There is no need to repeat the standard used by the court in analyzing an inmate's motion for counsel, as it has been set forth numerous times in this action. (Docs. 13, 23, 29, 35, 43 and 59.)  Even if the court were to find arguable merit at this juncture with respect to Plaintiff's claims, he is still capable of litigating this action on his own at this point, as demonstrated by his filings to date.  For all of the reasons previously set forth in this court's orders, Plaintiff's most recent motion for counsel will be denied without prejudice at this time.

**B.     Motion to compel**

Plaintiff complains that he never received Defendants' responses to discovery requests.  In reviewing Plaintiff's motion to compel (Doc. 63), his supporting brief, and the response submitted by Defendants, it appears that Defendants have provided the discovery responses to Plaintiff.  What is unclear is whether Plaintiff actually ever received the responses and, if not, whether he contacted counsel for Defendants to get a copy of the responses.  Plaintiff did not submit a reply to Defendants' response, and this leads the court to believe he is in possession of the discovery responses.  As such, the motion to compel will be denied.  If Plaintiff has not obtained copies of the discovery responses, he should do so.

**C.     Motion to Depose by Written Interrogatories**

Plaintiff seeks to conduct the deposition by written interrogatories of the Defendants pursuant to Fed. R. Civ. P. 31.  (Doc. 68.)  He has submitted the questions that he desires to ask four (4) of the five (5) remaining Defendants.  (Id.)

In conducting a deposition by written interrogatories pursuant to Rule 31, Plaintiff must be prepared to fully explain how he will be able to comply with the requirements of said Rule.  He would need to identify the "officer before whom the deposition is to be taken" and indicate whether the proposed officer has agreed to the assignment.  See Fed. R. Ci. P. 31(a)(3) and (b).  Furthermore, he must also

demonstrate his financial ability and willingness to pay all costs attendant to his depositions (i.e. any costs of the officer taking the deposition and all postage involved).  See Fed. R. Civ. P. 30©, (e) and (f).  "There is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."  Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

With this said, Plaintiff's motion for leave to conduct the depositions of Defendants by written questions will be denied without prejudice to Plaintiff to advise the court how he will finance and take the depositions of Defendants by written interrogatories within the mandate of Rule 31.

An appropriate order follows.