UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH ALAN ROBERTS,                :
                                   :
       Plaintiff,                  :
                                   :
       v.                          :   CIVIL NO. 3:15-CV-1607
                                   :
DEBORAH WILSON, D.O., et al.,      :   (Judge Kosik)
                                   :
       Defendants.                 :

**MEMORANDUM**

**I.   Background**

Keith Alan Roberts ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 14, 2015. In this action, Plaintiff claims that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Presently pending is Plaintiff's letter/motion wherein he seeks the appointment of counsel to assist him with his deposition (Doc. 74) and two requests by Plaintiff for a continuance of this matter (Docs. 75, 77).

**II.  Discussion**

   **A.   Request for counsel**

Plaintiff requests the appointment of counsel in this case for the eighth time. (Doc. 74). On this occasion, he claims that because Defendants have been granted

leave to depose him, that counsel is necessary for the deposition. (Id.) Again, there is no need to repeat the standard used by the court in analyzing an inmate's motion for counsel, as it has been set forth numerous times in this action. (See Docs. 13, 23, 29, 35 and 43.) Even if the court were to find arguable merit at this juncture with respect to Plaintiff's claims, he is still capable of litigating this action and participating in his deposition unassisted by counsel, as demonstrated by his filings to date. For all of the reasons previously set forth in this court's orders, Plaintiff's most recent motion for counsel will be denied without prejudice at this time. While Plaintiff may prefer to have counsel with him at the deposition, he clearly is not entitled to it, and does not warrant counsel based on the record.

### B. Requests for Continuance

Plaintiff has filed two (2) requests seeking a continuance in this matter. (Docs. 75, 77.) He seeks a continuance claiming that he needs more time to procure material to show the court the legitimacy of his claims. He states that because he is pro se, he is unable to study the law in a speedy fashion. While he contends that he has trouble sending documents to the court, the docket in this case demonstrates otherwise, and he has never claimed to send a filing that the court has not received. In his first request for a continuance, he also claims that he is on the transfer list, and does not know what his address change will be in the future. He sent this request on November 19, 2016,

and he was confined at the Pike County Correctional Facility at the time. (Doc. 75.) He also claims that he seeks a continuance while he tries to obtain counsel on his own following his release on December 16, 2016. (Id. at 2.) As stated above when discussing the counsel motion, any continuance of the deposition scheduled for December 5, 2016, on the basis of hoping to be appointed counsel for the deposition is without merit. Attempting to obtain counsel in this case following his release from prison is different, and the court will permit him time to do so. However, the deposition previously scheduled will not be postponed, as Plaintiff can be deposed without the assistance of an attorney. Plaintiff's other arguments are without merit and are rejected for the reasons previously given by the court.

    The second request for a continuance is a copy of the first request with the exception that Plaintiff crosses out his reference to being on the transfer list, and states he will be released on December 16, 2016. Plaintiff also argues that counsel is "essential" for his deposition. (Doc. 77.) Again, and for the reasons previously stated, the court disagrees that counsel is warranted for the deposition. However, Plaintiff will be afforded time following his release to obtain counsel. If he fails to do so, he will be forced to litigate this case on his own. When Plaintiff filed this second request, he was confined at the State Correctional Institution ("SCI") at Pittsburgh, and this is the latest address on the docket. Although he states that this address is subject to

"immediate change," there has been no updated address sent in by Plaintiff. In fact, Plaintiff's latest filing still refers to the SCI-Pittsburgh address. (Doc. 80.)

On December , 2016, Plaintiff filed a document entitled "In Response to Dec. 9, 2016 Discoery (sic) Material Deadline" (Doc. 80). In the document, Plaintiff states that he will rely on the material submitted with the original complaint, and that he was unable to obtain depositions of Defendants. He further states that almost all of his interrogatories were objected to, but the record reveals that he never moved to compel responses. This filing also attaches several pages of medical documentation which will be construed to be exhibits by Plaintiff to the complaint.

Based on the foregoing, any request for counsel will be denied without prejudice. Although this action will not be continued, the dispositive motions deadline will be enlarged to allow Plaintiff time to obtain counsel upon his release. Any dispositive motions shall be filed by the parities on or before February 20, 2017. An appropriate order follows.